JOHN R. MAGRUDER, Appellant, v. BERNARD WEISL, Appellee.

*January 23, 1880.*

CAPIAS AD RESPONDENDUM. (*1*) *Appearance by attorney to plead.*

1. A person arrested on a *capias ad respondendum,* who gives a bond to appear on the first day of a subsequent term of court, need not appear until the second day of such term, and then he may appear by attorney for the purpose of traversing the affidavit and pleading to the declaration; being only bound by law to render himself in custody to abide the judgment, order or decree of the court, he need not appear in person for any other purpose

This is an action of trespass on the case upon premises, commenced by the issuance of a writ of *capias ad responden-*

*dum.* The sheriff executed the writ by arresting the defendant, and taking bond for his appearance " on the next July term of said court to be begun and held within and for the said county of Grant, at the court house of said county, on the second Monday of July, A. D., 1878, then and there to answer unto the said suit of the said Bernard Weisl," etc. Defendant failed to appear in person, but appeared by attorney, and by attorney asked to be allowed to contest the truth of the affidavit upon which the writ issued, and to plead to the merits of the suit. The court overruled the appearance by attorney, and refused to allow it for either purpose, and at the instance of the plaintiff gave judgment by default against defendant, and ordered a jury to come to inquire of plaintiff's damages. A verdict is returned and judgment made final and entered against defendant for the amount of the verdict of the jury. The court allowed a witness, C. E. Goldsmith, to give in evidence to the jury the plaintiff's books of account, without testifying that he kept the books, or in any way knew them to be correct, or laying any foundation whatever for their introduction in evidence.

The court, after forfeiting his bond, and rendering a judgment against defendant, ordered a *scire facias* to issue against defendant's bondsmen, although no assignment of the bond had been made by the sheriff, and no *ca. sa.* had issued and return thereon been made.

*Conway & Risque,* for appellant.

The statute authorizing suits by " capias" has been repealed by the act of February 15, 1878, "regulating practice in district courts," and if that did not repeal it it becomes wholly inoperative by the abolition of imprisonment for debt. The appearance at common law, was by giving bail above, or bail to the action. Defendant could then appear by attorney, and need never have put in an appearance at all. Bail above, or bail to the action, is unknown to the laws of New Mexico, and if defendant appears in person,

Magruder v. Weisl.

the court cannot order him into custody, or hold him after rendition of judgment. The statute does not say what shall be an appearance, and as at the common law, bail above does not exist, there is no prerequisite to an appearance by attorney. Capias accomplishes nothing more now than a summons does, hence the legislature has by implication repealed it, by the act declaring by what process suits shall be commenced.

Defendant appeared there by his attorney and the default granted by the court was illegal. Defendant should have been permitted to be heard by his attorneys.

The statute says the denial of the affidavit shall be heard as in attachment cases, and no personal attendance of the defendant is necessary there.

The bond taken by the sheriff in this case is not in compliance with the statute; it must be strictly followed, and it only requires the bond should be conditional that the defendant shall render himself in custody to abide the judgment, orders or decree of the court; it shows no requirement of personal attendance and is suited only to the time when the court could imprison after judgment, and shows the law to be inoperative now. Even if the default was proper, the evidence submitted to the jury is plainly incompetent.

The issuance of the *scire facias* at that stage of the proceedings is wholly unwarranted; *ca. sa.* had to issue and be returned *non est inventus*, and the bond assigned by the sheriff before the bail could be proceeded against. Reference is made to the following authorities:

The capias law, page 204 Comp. Laws of N. M., has been repealed. See acts approved February 15th, 1878, "relating to the practice in the district courts:" Acts 1878, page 53. It provides that all suits at law shall be commenced by filing a declaration with the clerk, who shall at once make out a summons or subpœna to the defendant. The act is general in its terms, prescribes the proper process; it is imperative.

The rule of law *expressio unius exclusio alterius* applies. This is a repeal of any other kind of process. "Even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first act * * * it will operate as a repeal." It is in effect a revision: 11 Wallace, 92, and authorities cited, *Id.*, 656; 10 Wallace, 395.

Subpœna is appropriate writ for chancery suits, and summons for suits at law: See Bouvier's Law Dict., "Subpœna" and "Summons;" 3 Black. Comm., 280.

Capias becomes inoperative by the abolition of imprisonment for debt. No *capias ad satisfaciendum* can issue. Appearance at common law was putting in bail above. Then defendant could appeal by attorney; could send his bail bond without appearing himself: 6 Cal., 59; 4 Law Library, 400 and 373, *et seq.* (Petersdorf on Bail); Tidd's Practice, 1097 and 1107; Bacon's Abridgement, Art. "Bail" D; 3 Black. Comm., 416; 1 Chitty Pleadings; 3 Carnes Rept., 95.

There being no such thing as bail above in New Mexico, and the statute never having expressly changed the common law as to appearance (in fact it is wholly silent as to it), it follows that defendant could appear by attorney and defend without personal appearance: 3 Carnes Rept., 95; Bouvier's Law Dictionary, "Appearance;" 3 Black. Comm., 26, and authorities cited above.

The statute West, 3 C, 10, cited in 3 Black. Comm., 26, expressly provided "attorneys may be made to prosecute or defend any action in the absence of the parties to the suit." This statute is in force as a part of the common law of the U. S., antedating the second year of James I (1607).

The law never requires a useless or vain thing to be done, or charges for a failure to do it, and delivery of defendant would have been such, for he could not have been held, and his attorney could have done anything the defendant in person could: *Matron v. Elder*, 6 Cal., 59; 2 Mass., 481. Especially last page of the case.

Sec. 8, Compiled Laws, N. M., 204, provides that defendant " may deny the truth of the affidavit by answer, without oath, and the same proceedings shall be had therein, as in cases of attachments." His personal attendance is wholly unnecessary.

The right to appear and defend by attorney is guaranteed by sec. 21 of the Bill of Rights, Comp. Laws of N. M., p. 642, sec. 21.

*Ca. sa.* had to be sued out against the principal and returned *non est inventus*, before the plaintiff could proceed to hold the bail. This can not be done now for obvious reasons, so giving a bond would be a mere form, and capias no more than a summons: 3 Johnson, 514; 2 Wend., 246; 3 Black. Comm., 416, and authorities cited above. The bondsmen were entitled to four days within which to summon the defendant, before they could be proceeded against: See authorities cited above.

An attorney is vested with all the necessary powers to defend the suit and carry into effect any order, judgment or decree of the court: See Bacon's Abridgment Act, "Attorney" B; Bouvier's Law Dictionary, "Attorneys and "Appearance," and Waite's Digest of N. Y. Rep., "Attorney and Client," p. 205, sec. 43.

Appearance to deny the truth of the affidavit is special, and the court can not compel general appearance: " Attachment," Comp. L. of N. M., 212, sec. 16.

Appearance by attorney is appearance for all purposes, unless the statute expressly requires the attendance of defendant in person: Bouvier's Institute, vol. II, " Process " and "Appearance." The last clause of which is as follows: " When defendant has been arrested under a capias, the entry of special bail to the action is considered an appearance."

Filing an answer is an appearance: 21 Cal. Making a motion: 11 Wiscon., 401. Filing demurrer: 15 Indiana,

374. Asking for a continuance: 11 Iowa, 45. See, also, 4 Johnson Ch. (N. Y.), 94; 6 Peters, 323, and Bouvier's Law Dictionary, " Appearance."

The bond taken in this case is not in compliance with the statute, and is therefore void: Comp. L. of N. M., p. 204; *Bernard v. Veile*, 21 Wend., 88.

It was error to forfeit the bond and order *scire facias* to issue. It was necessary to assign the bond to plaintiff first, and have *ca. sa.* issued against principal, and return *non est inventus*: *McDowell v. Morgan*, 33 Mo., 555; 2 Mass. Rep., 481; 3 Black. Comm., 416; Tidd's Practice, 1097 and 1107; Bacon's Abridgment, Art. " Bail " D., and cases cited in notes. Law Library, vol. 4, p. 400, and 313 *et seq.*; 3 Johnson, 514; 2 Wendell, 246.

It was necessary to lay a foundation to admit plaintiff's books in evidence; witness could not testify from them otherwise: 1 Greenleaf's Evidence, sec. 117, *et seq.*; *Hisrrich v. McPherson*, 20 Mo., 310 and authorities cited; 23 *Ib.*, 544.

*S. B. Newcomb* and *Catron & Thornton*, for appellee.

*First.* The capias in the case is a sufficient summons, and would be good as an ordinary summons, and if not, it was waived by the defendant entering into bond to appear as he expressly agrees to do in said bond, as appears by reference to said bond.

It is a well established principle that a defendant can waive irregularities in a summons by accepting service. This bond is in effect an acceptance of service and an absolute agreement in writing to appear.

*Second.* Neither the bill of exceptions nor the record shows in what manner Conway and Risque offered to appear and plead for defendant, if they were permitted at all to do so. They should have moved the court in writing to enter their appearance for the defendant and should have tendered their pleas in writing to be passed upon.

If they were attorneys of the court there would have been

no objection to filing pleas or traverses without leave, but the court, on objection, when filed without leave, would determine whether they were proper or properly filed. In the absence of such showing, this court cannot tell why the court refused to permit the appearance, even if the reason given was not a good one, yet if the attorneys were otherwise in default as to the proper manner of appearing, they cannot object, if the decision might otherwise be correct.

Besides, the capias proceeding seems to imply a personal appearance. This is especially so when defendant enters into bond to personally appear, and must plead under oath: Comp. L., p. —.

*Third.* There was no error in giving judgment by default although attorneys offered to appear, no appearance being actually had.

*Fourth.* The bill of exceptions does not pretend to contain all the evidence introduced, nor even all the evidence of the witness Goldsmith. The question as to defect in the evidence cannot be considered as other evidence might have been, and probably was introduced to supply all defects. It is a legal presumption that sufficient evidence was introduced, if the contrary is not duly shown.

*Fifth.* It is immaterial whether the bond was perfected or not, there is no final judgment on it nor any appeal from the judgment of perfection, nor are the parties to the bond made parties here.

*Sixth.* The statute of 1878 does not repeal any other statute regulating practice except when it directly conflicts with it.

Repeals by implication are to be discouraged.

PARKS, Associate Justice: On the 28th day of February, 1878, John R. Magruder was arrested for a debt of $1,306, by the sheriff of Grant county on a *capias ad respondendum* sued out by Bernard Weisl, and gave bond for his

appearance at the district court of said county on the first day of the July term thereof, to answer said suit.

On the second day of said term, Conway and Risque, attorneys for defendant, offered to enter the appearance of defendant for the purpose of traversing the affidavit and pleading to the declaration. The defendant not appearing in person the court refused to allow said defendant to appear by attorney; judgment by default was rendered against him, his bond forfeited and $1,306 damages assessed against him by a jury and judgment rendered; other proceedings were subsequently had which are of no importance to the determination of this case. The case was brought into this court by appeal.

The first error assigned involves the construction to be given to act of Feb. 15, 1878, relating to practice in the district courts. The court are not agreed as to the construction to be given to that act, and such construction is not necessary to the decision of this case.

All of the other errors assigned follow from the second, which is as follows:

The court erred in refusing to permit defendant to appear by attorney and deny the truth of the affidavit and plead to the merits of the suit.

The defendant was not required by the statute to do anything until the second day of the term, and on that day he had as much right to appear by attorney in this as in any other case. He was only bound by law to render himself in custody to abide the judgment, order or decree of the court.

The fact that while under arrest he was required to give and did give bond for more than the law required did not change his legal rights.

The refusal of the court to permit him to appear by attorney and traverse the truth of the affidavit on which he was arrested and plead to the declaration, was error.

For· this error the judgment is reversed, and the case remanded to the court below for a new trial.